Mr. Justice CAMPBELL
delivered the opinion of the court.
This is a case of collision, in which the steamship Roanoke is charged with having carelessly and negligently run into and afoul of the schooner Sprightling Sea, in the Elizabeth river, Virginia, in October, 1852.
The facts disclosed by the pleadings and proofs are, that the schooner was ase'ending the river between 10 and 11 o’clock, P. M., and sailing at a rate of six miles per hour, with the aid of the tide. ■ She was close-hauled, on her starboard tack, at a time when she descried the steamship descending the river, on her voyage to Richmond. The collision occurred on the easterii side of the river, “out of the ship channel,” “near an edge of shoals/’ and “within a length or two of them.” The object of those who managed the’ schooner was to avoid all danger, by leaving as large a space as possible for the steamer, whose lights had been seen. Eor this purpose, they approached as nearly as possible the eastern shore — the usual shore, for vessels navigated as she was, to ascend the river. The schooner did not carry a light in her fore rigging; but one was exhibited from her breast-hook some time before and till the time of the collision; and the steamer was hailed, and told to keep off.
The night was “ dark and rainy; ” the steamer was not running at any time at an improper rate of speed. The officers of the steamship discovered the light on the schooner, and supposed it to belong “to a vessel at anchor;” but they say the “.light disappeared, and the, next time they saw it, it was near by, under the bow of the steamer.” The probability is, that the officers of the steamship were mistaken in their con- *246 elusions in reference to the course of the schooner, and under that mistaken impression went to the eastern side, and thus encountered her. ISTo orders were given by the pilot in respect to the management of the steamer till the instant of the collision.
This court has decided that neither rain, nor the darkness of the night, nor the absence of a light from a barge or sailing vessel, nor the fact that the steamer was well manned, and furnished, and conducted with caution, will excuse the steamer for coming in collision with the barge or sailing vessel, where the barge or sailing vessel is at anchor, or sailing in. 0 thoroughfare, out of the usual track of the steam vessel. In the present instance, the steamer had notice that a vessel was before her, and was near her track, and, under the circumstances, she' was hound to take efficient measures to avoid the schooner. ‘
The only facts we notice in the management of the schooner, which have occasioned a hesitation to affirm the decree, are the absence of a licensed pilot, and that the schooner did not exhibit an efficient light. The proofs in the case do not allow us to charge these omissions as indications of negligence; hut, that the case, may not he misunderstood, we assert that the ruling principle of the courtis, that an obligation rests upon all vessels found in the avenues of commerce to employ active, diligence to avoid collisions, and that no inference can he drawn from the fact, that a vessel is not condemned for an omission of certain precautionary measures in one case, that another vessel will he excused, under other circumstances, for omissions of the same description.
The decree of the Circuit Court is affirmed.